**54**

**ISBRANDTSEN COMPANY, Inc.,**
Libellant,

v.

**UNITED STATES of America,**
Respondent.

United States District Court
S. D. New York.
March 9, 1956.

———◆———

O'Connor, Foley & Grainger, New York City, for libellant.

Paul W. Williams, U. S. Atty., New York City, by Benjamin H. Berman and Louis E. Greco, Asst. U. S. Attys., New York City, for respondent.

WEINFELD, District Judge.

This is a motion to overrule respondent's exceptions to the libel on the grounds that (1) it does not state facts sufficient to constitute a cause of action, and (2) it is time barred under the Suits in Admiralty Act, 46 U.S.C.A. § 745.

The parties entered into contracts of carriage for the transportation of respondent's supplies to various ports. The libellant billed the respondent for cargo carriage for the years 1948 to 1951 inclusive, which respondent paid in accordance with the invoices rendered. However in 1953 the General Accounting Office of respondent alleged that the freight charges which had been so paid were excessive. It thereupon ordered the Military Sea Transportation Service to withhold moneys due from that branch of the Government to the libellant. These amounts were due on contracts totally unrelated to the cargo services contract. Accordingly on March 16, 1953 the Military Sea Transport Service deducted $21,027.83; and again on October 6, 1953 the further sum of $10,-037.49, a total of $31,065.32. The libellant protested and the matter was referred to the Comptroller General for decision, who did not determine the issue until April 18, 1955, almost two years later, when he ruled adversely to libellants. Thereafter on September 14, 1955 the present libel was filed seeking to recover the withheld moneys.

 The libellant predicates his present claim upon the contracts of carriage of 1948 to 1951 and not the charter parties separately entered into with the Military Sea Transport Service. Paragraph Ninth of the libel alleges that the freight bills which were submitted to respondent for the years 1948 to 1951 inclusive were paid in accordance with the contracts of carriage and hence there is no amount due thereunder; accordingly the first exceptive allegation that the libel fails to set forth facts sufficient to constitute a claim must be sustained.

So too must the time bar plea be upheld since it appears that the last shipment of cargo was made in March, 1951; thus any claim under the carriage contracts accrued at that time and suit should have been commenced within two years thereafter, and this action was not commenced until September, 1955.

However, the libel alleges the withholding of the payments in March and October, 1953 under "certain charter parties not involved in this suit" and the allegation of the 1948 to 1951 freight contracts may be deemed surplusage and deleted, and if libellant so elects a claim for appropriate relief may be asserted, particularly so since, at least with respect to the October, 1953 item, the statute has not run. Accordingly, the libel is dismissed but with leave to serve an amended libel.